## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GEOFFREY SWIHART,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | **Case No.** <u>CIV-21-1141-R</u> |
| | } | |
| **GENERAL MOTORS, LLC, a** | } | **Case No. CJ-2020-159** |
| **Delaware limited liability company;** | } | **(Oklahoma County District Court)** |
| **and DISCOUNT TIRE CO. OF** | } | |
| **OKLAHOMA, INC., an Oklahoma** | | |
| **corporation,** | | |
| | | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

Defendant General Motors LLC ("GM LLC") gives notice of its removal of this case from the District Court of Oklahoma County to this Court, which encompasses Oklahoma County. 28 U.S.C. § 116(c).

## PROCEDURAL AND FACTUAL BACKGROUND

This is a products liability lawsuit arising from a two-vehicle collision in 2018. In 2015, Plaintiff Geoffrey Swihart purchased a 2011 Chevrolet Cruze LT ("the Cruze"). Pet. ¶¶ 8-9 Ex. 8. In July 2018, Mr. Swihart was driving the Cruze on State Highway 18 near Chandler, Oklahoma. Id. ¶ 13. Mr. Swihart collided with another vehicle, and he alleges that, "[u]pon impact," the Cruze "erupted into flames" ("the Incident"). Id. ¶ 15. As a result of the fire, Mr. Swihart sustained "catastrophic burn injuries." Id. ¶ 16.

On January 9, 2020, Mr. Swihart filed this lawsuit in the District Court of Oklahoma County. Id. at 1. The Petition is aimed almost exclusively at GM LLC. In particular, the

Petition includes claims against GM LLC for (i) strict liability; (ii) negligence; and (iii) punitive damages.  Id. ¶¶ 17-51.  Within those claims, Mr. Swihart accuses GM LLC of a host of failures: from allegedly failing to provide adequate warnings, to allegedly failing to design a crashworthy vehicle, to allegedly failing to implement sufficient fire protection technology.  Id. ¶¶ 20(a)-(j), 35(a)-(m).

Distinct from those theories, Mr. Swihart includes allegations against another defendant, Discount Tire Co. of Oklahoma, Inc. ("Discount Tire"), an Oklahoma entity. Id. ¶ 4.  According to Mr. Swihart, four months before the Incident, he took the Cruze to Discount Tire for "tire maintenance."  Id. ¶ 10.  At the time of that appointment, Mr. Swihart claims that his tires were "dangerously worn" and that Discount Tire should have "issu[ed] a clear warning to [him] that continuing to drive on the Cruze tires may lead to increased risk of accident."  Id. ¶ 11.  The Incident, he alleges, "may have been initiated by a Cruze tire failure."  Id. ¶ 14 (emphasis added).

After the Petition was filed, discovery began.  Discovery has established – contrary to the Petition's allegations – that Mr. Swihart has no colorable claim against Discount Tire.  He has no eyewitness testimony; no documentation; and no forensic evidence corroborating a tire failure.  More important, through litigation tactics, he has made a concerted effort to avoid that conclusion's confirmation.  Underscoring that point, although Discount Tire solicited a settlement demand from Mr. Swihart in September 2020 – less than one year after Mr. Swihart filed the lawsuit and still within the removal deadline under 28 U.S.C. § 1446(c)(1) – Mr. Swihart never responded.  Ex. 1, p. 6.  Considering the whole

record, the inference is unmistakable: Mr. Swihart joined and retained Discount Tire as a defendant for the sole purpose of avoiding a federal forum.

**First,** there is no eyewitness testimony supporting a tire failure, as alleged in the Petition.  In response to discovery requests served by GM LLC, Mr. Swihart admitted that he "has no memory of July 12, 2018, the date of the subject incident." Ex. 2, p. 17.  Considering his lack of personal knowledge, he was also asked to identify each "witness with knowledge of the facts of any claim or defense to this case," yet Mr. Swihart identified no witness who would testify that the Cruze experienced a "tire failure," let alone that such a failure caused the Incident. Id. at 10-16.  And he has not asked to depose any employees or corporate representatives of Discount Tire.  Ex. 1 at 5.

**Second,** the documents produced further weaken Mr. Swihart's claim.  Although the Petition does not identify which tire allegedly failed, Mr. Swihart claims that the Cruze's left front tire failed, thereby causing the Incident. Id. at 3.  Discount Tire's service records for the Cruze – which were produced to Mr. Swihart – reveal that Discount Tire never serviced or made any repairs to that tire; instead, it serviced only the Cruze's right rear tire.[1] Id. at 3.  Moreover, other than those basic records, Mr. Swihart has done nothing to pursue any further documentation from Discount Tire.  Id. at 5.

---

[1] Contrary to Plaintiff's allegations, the evidence strongly suggests that Mr. Swihart *did* receive a warning about the poor condition of his left front tire.  According to service records created by Discount Tire during Mr. Swihart's visit, the tread depth on his left front tire measured 2/32. Ex. 3, p. 15.  Discount Tire produced a poster entitled "Know Your Numbers" which was present in the store's showroom on the day Mr. Swihart visited the store.  The poster states in large print "**4/32**"  For your safety, **DISCOUNT TIRE recommends you replace** any tire having a

**Third,** Mr. Swihart has purposefully avoided conducting any discovery concerning the left front tire, including the development of forensic evidence.  For example, in September 2020 – less than one year after Mr. Swihart filed the lawsuit and still within the removal deadline under 28 U.S.C. § 1446(c)(1) – the parties attended an inspection of the Cruze.  Although (i) Mr. Swihart's counsel had already represented that Mr. Swihart would claim a left front tire failure and, before the inspection began, (ii) Discount Tire proposed removing that tire for evaluation, Mr. Swihart chose not to do so.  Ex. 1, p. 4.

The left front tire is "lodged deeply inside the front left wheel well." Id.  To properly inspect it – and assess whether the tire failed and could have caused the Incident – it must be removed.  Id.  Since September 2020, Mr. Swihart has made no effort whatsoever to remove the tire and, therefore, develop any forensic evidence supporting his theory.  Id. (admitting that "since the September 30, 2020 inspection, Plaintiff's counsel has not contacted Discount Tire's counsel to schedule a follow-up inspection of the Cruze to remove the left front tire and wheel").  In short, Mr. Swihart has done nothing to pursue his claim against Discount Tire.  Nor could he, as there is apparently no evidence establishing Discount Tire's liability.

Plaintiff's laissez-faire attitude toward Discount Tire is in stark contrast to Mr. Swihart's laser-like focus on GM LLC.  Since filing this lawsuit, Mr. Swihart has served 22 interrogatories and 27 requests for production on GM LLC.  Ex. 4.  GM LLC responded

---

tread depth of **4/32nds** of an inch or less…" Id. at 16 (emphasis in original).  According to Discount Tire's records, Mr. Swihart's wait time at Discount Tire was 44 minutes.  Id. at 18.

to the discovery and has produced over 16,000 pages of documents.  In August 2021, Mr. Swihart's attorney sent a draft deposition notice to the undersigned pursuant to 12 O.S. § 3230(C)(5) seeking the deposition of GM LLC's corporate representative(s) on 32 far-reaching topics, including:

- Chain of command in [GM LLC'S] engineering department

- Consideration of the crashworthiness and post-crash fire protection for the subject vehicle platform

- Design of the Cruze's bulkhead or firewall with respect to individual sheet metal parts which make up the bulkhead

- Technological and economic feasibility of providing alternative hole coverings or grommets for holes in the firewall or bulkhead of the subject vehicle platform

- All warnings and/or proposed warnings of fire migration into the passenger compartment of any GM vehicle

- All testing, research and analysis of the subject vehicle platform for escape time from any fire

- All injuries and/or deaths resulting from engine compartment fire intrusion into the occupant compartment for any GM vehicle

- All studies or documents relating to fire standards or requirements

- The design of the front end and driver's door body structures of the subject vehicle platform

Ex. 5.  Plaintiff's deposition notice requests that GM LLC produce "all documents relating to each of the [32] individual topics" set out in the notice.  Id. at 7.  Plaintiff also seeks the deposition of recently retired GM LLC employee Dr. Jeffrey Santrock, who has been involved in fire propagation testing and fire mitigation efforts at GM LLC since the 1980s.

Ex. 6.  Plaintiff's counsel announced her intention to conduct the depositions of GM and Dr. Santrock before the end of the year. Id.

In addition to seeking extensive discovery from GM LLC, Mr. Swihart made a settlement demand on GM LLC—and *only* GM LLC—in September 2021.  The 12 page demand letter points the finger squarely at GM LLC for causing Mr. Swihart's injuries and is accompanied by a professionally produced "day-in-the-life" video featuring Mr. Swihart and his family discussing Mr. Swihart's injuries.  Meanwhile, Mr. Swihart has refused to make a settlement demand on Discount Tire despite the latter's request for one starting in September 2020 and despite repeated follow-up requests for a demand.  Ex. 1, p. 6.

## JURISDICTIONAL BASIS

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which confers jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**First,** Mr. Swihart has fraudulently joined Discount Tire, and as a result, Discount Tire's citizenship is disregarded when determining whether there is diversity.  As this Court observed, "the presence of a resident defendant prevents removal only if this defendant is 'properly joined,' and it is well established that the fraudulent joinder of a resident defendant does not prevent removal."  Red Cloud Assets, LLC v. Harris Aviation, LLC, No. 11-282, 2011 WL 1871166, at *3 (W.D. Okla. May 16, 2011) (citing Updike v. West, 172 F.2d 663, 665 (10th Cir. 1949)).

A defendant is fraudulently joined if "(1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant." Coppedge v. Cabot Norit Americas, Inc., No. 19-705, 2020 WL 967339, at *2 (N.D. Okla. Feb. 27, 2020) (citing Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)). "To prove that a party has been fraudulently joined, the defendant has the burden to 'demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." Crabb v. CSAA Gen. Ins. Co., No. 21-303, 2021 WL 3115393, at *2 (W.D. Okla. July 22, 2021) (quoting Strome v. CSAA Ins. Exch., No. 19-573, 2020 WL 930493, at *2 (N.D. Okla. Feb. 26, 2020)).

To conduct that inquiry, a court need not accept the plaintiff's allegations as true; rather, "the Tenth Circuit instructs that the district court should 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" De La Rosa v. Reliable, Inc., 113 F. Supp. 3d 1135, 1158 (D.N.M. 2015) (quoting Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964)); see also Nerad v. AstraZeneca Pharms., Inc., 203 Fed. App'x 911, 913 (10th Cir. 2006) ("While a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive."); Slover, 443 F. Supp. 2d at 1276 ("Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings" and "may consider certain underlying facts . . . to determine whether the non-diverse parties are proper."). In short, although the Court should not "pre-try the merits of the plaintiff's claims," "neither

is the court compelled to believe whatever the plaintiff says in his complaint." Brazell v. Waite, 525 Fed. App'x 878, 881 (10th Cir. 2013).

Applied here, there is no basis for Mr. Swihart to recover against Discount Tire. Mr. Swihart asserts only a single claim against Discount Tire: negligence. Pet. ¶¶ 52-61. According to the Petition, Discount Tire allegedly had a "duty to adequately repair or replace the worn tires and/or to issue a clear warning to [Mr. Swihart] regarding the dangers associated with continuing to drive on worn tires . . . ." Pet. ¶ 57 Ex. 8. Mr. Swihart further asserts that (i) Discount Tire breached its duty "when it failed to adequately repair or replace the worn tires" and (ii) Discount Tire's alleged breach purportedly was a "proximate cause" of his injuries because his vehicle "was involved in a two-vehicle incident that may have been initiated by a . . . tire failure." Id. ¶¶ 14, 58, 60.

But GM LLC has since learned that those allegations are untrue. Mr. Swihart has admitted that he has no recollection of what happened during the Incident, nor does he have any eyewitness who will testify that the Cruze's tire failed, thereby causing the Incident. Ex. 2, pp. 17, 10-16. More important, discovery has done nothing to plug that gap. Mr. Swihart has presented no evidence – whether forensic or otherwise – suggesting that a tire failure caused the Incident. Discount Tire's service records indicate that it serviced his right rear tire, not his front left tire, which he will claim failed. Ex. 3, pp. 13-14. When offered the opportunity to remove the Cruze's left front tire and document its condition at an inspection of the Cruze during this lawsuit, Mr. Swihart chose not to do so. Ex. 1, p. 4. Mr. Swihart has not sought to depose Discount Tire or any employees from the Discount Tire store where his tire was serviced to develop factual support for his allegations. Id. at

5.   In short, there is no evidence to support Mr. Swihart's claim against Discount Tire. Because Discount Tire is fraudulently joined, its citizenship is disregarded when determining whether there is diversity.

**Second,** without Discount Tire, there is complete diversity of citizenship.   Mr. Swihart "was and is a resident and citizen of the State of Oklahoma."  Pet. ¶ 1.  GM LLC's sole member is General Motors Holdings LLC, a Delaware limited liability company with its principal place of business in Michigan. *See* GM LLC's Corporate Disclosure Statement.   General Motors Holdings LLC's sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan.  Id.  Thus, GM LLC is a citizen of Delaware and Michigan.  See Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1238 (10th Cir. 2015) (holding that an LLC "takes the citizenship of all its members").  Accordingly, there is complete diversity of citizenship.

**Third,** the amount in controversy exceeds $75,000.  Mr. Swihart alleges that he suffered "catastrophic burn injuries including but not limited to serious burns, extensive permanent scarring to his face and body, limb and finger amputations, and near complete loss of both hands." Pet. ¶ 16.  Given the seriousness of Mr. Swihart's injuries – together with his demand for punitive damages against GM LLC, id. ¶¶ 43-51 – the amount in controversy exceeds $75,000.   See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation.").

## PROCEDURAL REQUIREMENTS

**First,** because Discount Tire has been fraudulently joined, Discount Tire's consent to this removal is unnecessary.  See, e.g., Snap Court, L.L.C. v. Industrial Environmental Management, LLC, No. 12-908, 2013 WL 1367046, at *3 (D. Utah Apr. 4, 2013) ("Fraudulent joinder is an exception to the unanimity rule."); see also 28 U.S.C. § 1446(b)(2)(A) (consent only from defendants who "have been properly joined").

**Second,** although this lawsuit was filed more than one year ago, Mr. Swihart has engaged in bad faith.  As a general rule, a defendant must remove a lawsuit within one year of commencement.  28 U.S.C. § 1446(c)(1).  But an untimely removal is excused if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Id.  That exception applies even when fraudulent joinder is the basis for removal.  See, e.g., De La Rosa v. Reliable, Inc., 113 F. Supp. 3d 1135, 1164 (D.N.M. 2015) ("[T]he addition of the bad-faith exception to the one-year limitation clarifies that the one-year limitation is procedural, rather than jurisdictional, and, thus, extends the applicability of fraudulent joinder doctrine past the one-year mark.") (quoting Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1256 (D.N.M. 2014)).

To assess whether a plaintiff has engaged in bad faith to prevent removal, a court considers whether and to what extent that plaintiff has "actively litigated" against the "removal spoiler" in state court:

> First, the Court inquires whether the plaintiff actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not

answer the complaint, et cetera. Failure to actively litigate against removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith.

Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that established that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. The defendant may introduce direct evidence of the plaintiff's bad faith at this stage – e.g., electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal – but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence.

Klintworth v. Valley Forge Ins. Co., No. 20-178, 2020 WL 3497468, at *3 (N.D. Okla. June 29, 2020) (quoting Aguayo, 59 F. Supp. 3d at 1262-63).

Here, those standards are met.  Mr. Swihart has not actively litigated against Discount Tire and, therefore, has engaged in bad faith:

- **No Valid Claims:** Mr. Swihart's sole claim against Discount Tire is without any evidentiary support.  See supra at 2-4.  Although Mr. Swihart claims that the left front tire failed, Ex. 1, p. 3, Discount Tire's records reveal that Discount Tire serviced only the right rear tire four months before the Incident.  Id.  Mr. Swihart has no recollection of the Incident, nor has he identified a single eyewitness to testify that the Cruze's tire failed, as alleged in the Petition.  Having failed to assert a valid claim against Discount Tire, Mr. Swihart has failed to actively litigate against Discount Tire.

- **No Meaningful Discovery:** Mr. Swihart has done virtually no discovery aimed at Discount Tire.  First, Mr. Swihart has served only perfunctory discovery

11

requests on Discount Tire, and in response, Discount Tire has produced fewer than 10 pages of documents.  Ex. 3.  Second, although Discount Tire resisted producing certain records due to confidentiality concerns, even after entry of a protective order, Mr. Swihart has done nothing to obtain the previously-withheld documents.  Ex. 1, p. 5.  Third, when offered the opportunity to remove and inspect the left front tire, which he claims to have failed and caused the Incident, Mr. Swihart declined to do so and has not broached the issue in over a year.  Id. at 4.  And, fourth, Mr. Swihart has not sought to depose any employees or representatives of Discount Tire.  Id. at 5.  In contrast, from GM LLC, Mr. Swihart has obtained more than 16,000 pages of documents, seeks corporate representative testimony and documents relating to 32 topics of inquiry, and wants to depose one of GM LLC's senior engineers on the issue of fire propagation. Exs. 5-6.  As to Discount Tire, on the other hand, Mr. Swihart has shown no interest whatsoever in conducting any discovery.  See, e.g., Stevens v. Winston Hospitality, Inc., No. 19-102, 2020 WL 1285923, at *2 (E.D. Okla. Mar. 18, 2020) (finding a rebuttable presumption of good faith because the plaintiff served several rounds of discovery on the non-diverse defendant, with the second round being "more targeted" than the first).

- **No Settlement Discussions:** In September 2020 – less than one year after this lawsuit's commencement – Discount Tire requested a settlement demand from Mr. Swihart. Ex. 1, p. 6.  Mr. Swihart declined that request and multiple subsequent requests for a demand.  Id.  To date, Mr. Swihart has made no settlement demand on Discount Tire.  In contrast, Mr. Swihart has made a comprehensive settlement

demand on GM LLC, including a lengthy position statement and video to support his claims against GM LLC.

Taken together, the inference is unambiguous: Mr. Swihart joined Discount Tire, an Oklahoma entity, for the sole purpose of avoiding a federal forum.  He has exhibited no interest in pursuing his claim against Discount Tire.  And, most important, when offered the opportunity to resolve his claim against Discount Tire – less than one year after filing his lawsuit – he chose not to even engage in settlement discussions.  See, e.g., Graham v. CSAA Fire & Cas. Ins. Co., No. 19-793, 2020 WL 1699554, at *2 (W.D. Okla. Apr. 8, 2020) (finding a lack of bad faith because, inter alia, "the parties engaged in settlement discussions and attempted to schedule a private mediation").

Whether Mr. Swihart has "strategic reasons" for continuing to retain Discount Tire as a defendant is ultimately immaterial.  See Klintworth v. Valley Forge Ins. Co., No. 20-178, 2020 WL 5577875, at *2 (N.D. Okla. Sept. 17, 2020) ("That [the jurisdiction spoiler] remained in the action as a safeguard to the plaintiffs' strategic positions does not change the fact that he was not an active part of this litigation for some time.").  Having failed to actively litigate against Discount Tire, Mr. Swihart "has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1); see also Aguayo, 59 F. Supp. 3d at 1263 ("If the plaintiff did not actively litigate against the removal spoiler, then bad faith is established . . . .").  Thus, although this removal is more than one year after the lawsuit's filing, it remains timely.

**Third,** this removal is otherwise timely.  Under 28 U.S.C. § 1446(b)(3), a case is removable within 30 days of receiving "an amended pleading, motion, order or other

paper" from which "it may first be ascertained that the case is one which is or has become removable." On December 2, 2021, Discount Tire served its answers to GM LLC's Requests for Admission, and based on those answers, GM LLC first determined that (i) this case could be removed based on fraudulent joinder and (ii) Mr. Swihart had engaged in bad faith tactics to prevent GM LLC from removing this case. <u>See, e.g.</u>, <u>Lay v. Walmart, Inc.</u>, No. 20-280, 2020 WL 3064930, at *2 (D.N.M. June 9, 2020) (recognizing that discovery responses qualify as "other paper" for purposes of § 1446(b)(3)). Thus, this removal, which is within 30 days of receiving that "other paper," is timely.

**Fourth,** consistent with 28 U.S.C. § 1446(a) and Local Civil Rule 81.2, a copy of the state court docket sheet is attached as Exhibit 7 and a copy of "all process, pleadings, and orders served upon" GM LLC is attached as Exhibits 8 - 56.

**Fifth,** pursuant to 28 U.S.C. § 1446(d), notice of filing this Notice of Removal is being contemporaneously filed with the District Court of Oklahoma County and served on counsel for Mr. Swihart.

**WHEREFORE**, Defendant GM LLC prays this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; this Court will make the proper orders to achieve the removal of this case from the District Court of Oklahoma County; and this Court will make such other orders as may be appropriate to affect the preparation and filing of a true record in this case of all proceedings that may have been served in said District Court.

By_____*/s/ J. Derrick Teague*_____

J. Derrick Teague, OBA #15131
Linda G. Kaufmann, OBA #14759
JENNINGS | TEAGUE, P.C.
204 N. Robinson Avenue, Suite 1000
Oklahoma City, OK  73102
Telephone:    (405) 609-6000
Facsimile:     (405) 609-6501
-and-
Michael L. Bell, OBA #34061
Sanford G. Hooper, OBA #34066
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL  35203
Telephone:    (205) 581-0700
Facsimile:     (205) 581-0799

**ATTORNEYS FOR DEFENDANT
GENERAL MOTORS LLC**

15

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 3rd day of December, 2021, a true and correct copy of the above and foregoing was served by email on the following counsel of record:

Nicholas Charles Rowley (pro hac vice)
nick@t14j.com
Matthew James Reilly (pro hac vice)
matt@t14j.com
Dominic Francis Pechota (pro hac vice)
dominic@t14j.com
TRIAL LAWYERS FOR JUSTICE, P.C.
421 West Water Street, Third Floor
Decorah, IA 52101

Anne M. Dieruf (pro hac vice)
anne@jordanlaw.com
Jason William Jordan (pro hac vice)
JORDAN, HERINGTON & ROWLEY
5445 DTC Parkway, Suite 1000
Greenwood Village, CO 80111

Chris Hammonds
chris@lhllaw.com
LAIRD HAMMONDS LAIRD
1332 Southwest 89th Street
Oklahoma City, OK 73159

Dena L. Mathis
dena@mathislegal.com
MATHIS LEGAL, PLLC
15851 Dallas Parkway, Suite 800
Addison, TX 75001

William W. Whitehurst
wwhitehurst@hbokc.law
HILTGEN & BREWER, P.C.
9505 North Kelley Avenue
Oklahoma City, OK 73131

*/s/ J. Derrick Teague*
J. DERRICK TEAGUE
