CJ2020 159

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
JAN - 9 2020
RICK WARREN
COURT CLERK
101

| | |
|---|---|
| GEOFFREY SWIHART, an individual, | ) |
| Plaintiff, | ) |
| v. | ) Case CJ-2020-159 |
| GENERAL MOTORS, LLC, a Delaware limited liability company; and DISCOUNT TIRE CO. OF OKLAHOMA, INC., an Oklahoma corporation, | ) Judge_____ |
| Defendants. | ) JURY TRIAL DEMANDED |

## PLAINTIFF'S PETITION

Plaintiff Geoffrey Swihart brings this product liability and negligence action against Defendants GENERAL MOTORS, LLC and DISCOUNT TIRE CO. OF OKLAHOMA, INC., and contends as follows:

### PARTIES AND JURISDICTION

1. At all relevant times, Plaintiff GEOFFREY SWIHART was and is a resident and citizen of the State of Oklahoma.

2. At all relevant times, Defendant GENERAL MOTORS, LLC (hereinafter "GM") was and is a Delaware limited liability company with its principal place of business in Detroit, Michigan. Upon information and belief, General Motors, LLC was formerly known as General Motors Company and NGMCO, Inc. Upon information and belief, General Motors, LLC acquired substantially all of the assets of General Motors Corporation on July 10, 2009 in a transaction executed under the jurisdiction and pursuant to approval of the United States Bankruptcy Court for the Southern District of New York. In acquiring these assets, General Motors, LLC assumed

1

responsibility for product liability claims involving products assembled or sold by General Motors Corporation for claims arising from incidents that occurred after the July 10, 2009 closing date. Defendant General Motors, LLC is registered to do business in the State of Oklahoma, is doing business in Oklahoma, and may be served through its Oklahoma registered agent for service of process: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK 73159.

3. At all relevant times, specific personal jurisdiction existed and exists over Defendant GM. GM, individually and through its affiliated corporations, was engaged in the business of designing, developing, manufacturing, testing, engineering, specifying, assembling, approving, marketing, promoting, advertising, distributing, and selling automobiles and component parts of automobiles to the consuming public in the State of Oklahoma. This includes the Chevrolet Cruze at issue in this case, other Chevrolet Cruze vehicles, and related General Motors vehicles, parts, products, and automotive services sold and/or provided through agent retailers throughout the State of Oklahoma. General Motors vehicles were built for interstate travel, which includes Oklahoma. GM specifically advertised its vehicles on a continuous basis in Oklahoma. GM maintains multiple dealerships throughout Oklahoma. GM, in conjunction with these dealerships, established channels for providing regular advice, parts, service, and product information to Oklahoma customers such as Geoffrey Swihart. GM sent technical service bulletins and recalls related to Chevy Cruze vehicles into Oklahoma and directed customers to approved General Motors service centers in Oklahoma to have recall and service bulletin work performed on Chevy Cruze vehicles sold anywhere in the United States but located in Oklahoma at the time of the necessary recall repair and replacement work. GM provided a warranty on its vehicles, thereby maintaining an ongoing contractual relationship with every dealership in Oklahoma. GM financed customer's purchases of its vehicles, thereby subjecting itself to the laws

of the particular state, including Oklahoma, and availing itself of the same. Upon information and belief, GM may maintain indemnity agreements with the Oklahoma dealerships under which it agreed to assume the dealership's defense and pay any verdict arising from a products liability action. At all relevant times, GM served the Oklahoma market and expected its vehicles, including Chevrolet Cruze vehicles and the subject Cruze vehicle, to be sold and/or used in Oklahoma. Defendant GM's conduct with regard to the Chevy Cruze and other General Motors passenger automobiles was specifically directed at consumers in the State of Oklahoma, resulting in significant economic benefits for Defendant General Motors, LLC. Plaintiff's claims are connected with and/or related to GM's contacts with Oklahoma, and there is little or no burden on GM in litigating this case in an Oklahoma court.

4. At all relevant times, Defendant DISCOUNT TIRE CO. OF OKLAHOMA, INC. (hereinafter "Discount Tire") is an Oklahoma domestic for-profit business corporation with its principle place of business believed to be in Oklahoma City, Oklahoma. Defendant Discount Tire is registered to do business in the State of Oklahoma, is doing business in the State of Oklahoma, and may be served though its Oklahoma registered agent for service of process: The Corporation Company, 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

5. At all relevant times, general personal jurisdiction existed and exists over Defendant Discount Tire, as it is a domestic Oklahoma entity and its principle place of business is in Oklahoma.

### VENUE

6. Venue is proper in this county because service of summons can be obtained upon one or more of the defendants in Oklahoma County, including Defendant GM and Defendant

Discount Tire, pursuant to Title 12, Section 141 of the Code of Civil Procedure of the State of Oklahoma.

## FACTS

7. Plaintiff hereby incorporates all other paragraphs of this petition as though fully set forth herein.

8. Defendant GM designed, developed, manufactured, tested or failed to test, engineered, fabricated, assembled, equipped, repaired, inspected or failed to inspect, approved, labeled, marketed, promoted, advertised, distributed, supplied, wholesaled, and sold the 2011 Chevrolet Cruze LT, VIN believed to be 1G1PF5S9XB7143241, and its component parts that are at issue in this case (hereinafter "the Cruze").

9. On or about July 30, 2015, Plaintiff Geoffrey Swihart purchased the Cruze from M & N Dealerships in Edmond, Oklahoma, which was believed to be doing business as Edmond Hyundai.

10. On or about March 26, 2018, Plaintiff Geoffrey Swihart took the Cruze to Discount Tire, located 5500 Main St., Del City, Oklahoma 73115, for tire maintenance. Upon information and belief, Discount Tire serviced the Cruze tires, which included but may not be limited to repair of a flat tire and performing a tire rotation.

11. Discount Tire undertook voluntary work on the Cruze tires, some or all of which were dangerously worn, without issuing a clear warning to Plaintiff Geoffrey Swihart that continuing to drive on the Cruze tires may lead to increased risk of accident.

12. Discount Tire allowed Plaintiff Geoffrey Swihart to drive from the Discount Tire lot on tires it knew or should have known to be in a dangerously worn condition without providing warning and/or advice regarding the Cruze tires.

4

13. On July 12, 2018, Plaintiff Geoffrey Swihart was driving the Cruze northbound on State Highway 18 near Chandler, Oklahoma. He was properly utilizing his three-point seat belt.

14. Near the intersection of State Highway 18 and County Road 920, the Cruze was involved in a two-vehicle incident that may have been initiated by a Cruze tire failure.

15. Upon impact with the second vehicle, the Cruze erupted into flames. The fire rapidly penetrated the occupant safety compartment where Geoffrey Swihart was seat belted and trapped by the Cruze vehicle structure.

16. As a result of the ensuing fire, Plaintiff Geoffrey Swihart suffered catastrophic burn injuries including but not limited to serious burns, extensive permanent scarring to his face and body, limb and finger amputations, and near complete loss of both hands.

## COUNT I - STRICT LIALIBTY
### (Defendant GM)

17. Plaintiff hereby incorporates all other paragraphs of this petition as though fully set forth herein.

18. At all relevant times, Defendant GM was in the business of designing, developing, manufacturing, testing, engineering, fabricating, assembling, equipping, repairing, inspecting, approving, labeling, marketing, promoting, advertising, distributing, supplying, wholesaling, and selling automotive products, such as and including the 2011 Chevrolet Cruze, throughout the United States including in Oklahoma.

19. GM designed, developed, manufactured, tested or failed to test, engineered, fabricated, assembled, equipped, repaired, inspected or failed to inspect, approved, labeled, marketed, promoted, advertised, distributed, supplied, wholesaled, and sold the Cruze and its component parts that are at issue in this case.

20. At the time the Cruze left GM's control, it was defective in design and manufacture and unreasonably dangerous to a person who might reasonably be expected to use it. These defects include, but are not limited to, the conditions described in the following subparagraphs:

   a. The Cruze lacked adequate and sufficient warnings and instructions about the risks, dangers, and harms presented by the Cruze and reasonable means to reduce such risks, dangers and harms.

   b. The Cruze was uncrashworthy in its design and manufacture.

   c. The Cruze contained a design and/or manufacturing defect that caused and/or allowed a post-collision fire to ensue in the engine compartment, breach the firewall, and rapidly penetrate the occupant safety compartment.

   d. The Cruze lacked adequate fire protection between the occupant safety compartment and the engine compartment, including but not limited to an adequate firewall.

   e. The Cruze design incorporated excessive and/or oversized cut-outs or openings in the firewall.

   f. The Cruze design failed to incorporate adequate fire-retardant and/or fire-resistant materials that would prevent rapid fire penetration into the occupant safety compartment.

   g. The Cruze lacked adequate shielding of potential ignition sources in the engine compartment.

   h. The Cruze's front and side structure was inadequate to protect occupants in foreseeable impacts with other vehicles or objects and allowed occupants to become trapped inside the vehicle in foreseeable incidents.

6

    i. The Cruze's design failed to incorporate safer designs and technologies that could prevent post-collision fires and/or penetration of fire into the occupant safety compartment in foreseeable incidents, including but not limited to safer alternative engine compartment designs, firewall designs, fire safety designs, shielding, and/or structural designs. Such designs were technologically and economically feasible and GM was aware of such designs and technologies, including superior designs and technologies used by other manufacturers and in other vehicles.

    j. Any other defects that may be identified by Plaintiff's experts in the course of discovery.

21. The foregoing defects were present in the 2011 Chevrolet Cruze at the time it was designed, manufactured, and distributed by GM. The Cruze was expected by GM to reach, and did reach, the user without substantial change in the condition in which it was placed on the market.

22. It was foreseeable to and well known by GM that car-to-car incidents, like the incident that that occurred in this case, would take place in the ordinary and foreseeable use of the Cruze.

23. Plaintiff Geoffrey Swihart was a person who would reasonably be expected to use the Cruze.

24. Plaintiff Geoffrey Swihart used the vehicle as expected and in a reasonable manner as a consumer of the Cruze.

25. Plaintiff Geoffrey Swihart was not aware of any of the aforementioned defects and/or hazards, and such defects and/or hazards are not ones that an ordinary user would reasonably expect.

26. The defects in the Cruze were a direct and proximate cause of the injuries to Geoffrey Swihart and his resulting damages.

27. GM is strictly liable to Plaintiff Geoffrey Swihart for his injuries and damages caused by defects and inadequacies in the design and manufacture of the Cruze.

### COUNT II - NEGLIGENCE
### (Defendant GM)

28. Plaintiff hereby incorporates all other paragraphs of this petition as though fully set forth herein.

29. At all relevant times, GM had a duty to exercise ordinary and reasonable care in the design, development, manufacture, testing, engineering, fabrication, assembly, equipping, repair, inspection, approval, labeling, marketing, promoting, advertising, distributing, supplying, wholesaling, and/or selling of the Cruze to ensure that it was reasonably safe and not unreasonably dangerous for its foreseeable uses.

30. At all relevant times, GM had a duty to design and manufacture the Cruze to provide reasonable protection to occupants in the event of a foreseeable impact with another vehicle or object.

31. At all relevant times, GM had a duty to design and manufacture the Cruze to ensure that the vehicle did not subject occupants to unreasonably dangerous and injurious hazards such as a post-collision fire that would rapidly penetrate the occupant safety compartment.

32. At all relevant times, GM had a duty to properly warn consumers of the risks, dangers, and harms presented by the Cruze and reasonable means to reduce such risks, dangers and harms.

33. GM negligently designed, developed, manufactured, tested, engineered, fabricated, assembled, equipped, repaired, inspected, approved, labeled, marketed, promoted, advertised,

8

distributed, supplied, wholesaled, and/or sold the Cruze, in that it failed to exercise reasonable care to prevent the Cruze and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner. GM thereby breached its various duties set forth in this Count.

34. GM knew, or in the exercise of ordinary care should have known, that the Cruze was defective and unreasonably dangerous to those persons likely to be involved in a foreseeable incident such as the subject incident.

35. GM breached its duty of care, as set forth herein, for reasons including but not limited to the following acts of negligence:

   a. Negligently failing to design and manufacture a crashworthy vehicle.

   b. Negligently failing to provide adequate and sufficient warnings and instructions about the risks, dangers, and harms presented by the Cruze and reasonable means to reduce such risks, dangers and harms.

   c. Negligently failing to recall the Cruze for known safety hazards and/or failing to properly include Mr. Swihart's Cruze within known safety recall efforts.

   d. Negligently failing to test and/or engage in adequate testing of the Cruze and similar vehicles.

   e. Negligently failing to design and manufacture the Cruze so as to provide reasonable crash protection and to prevent post-collision fires from ensuing in the engine compartment, breaching the firewall, and rapidly penetrating the occupant safety compartment.

   f. Negligently designing, manufacturing, and equipping the Cruze with a defective structure, a defective firewall, lack of adequate shielding, and/or other design or

9

    manufacturing defect(s) that caused it to erupt in flames upon impact with another vehicle or object and which allowed such fire to rapidly penetrate the occupant safety compartment.

g. Negligently designing, manufacturing, and equipping the Cruze with an inadequate firewall between the occupant safety compartment and the engine compartment.

h. Negligently designing, manufacturing, and equipping the Cruze with excessive and/or oversized cut-outs or openings in the firewall.

i. Negligently designing, manufacturing, and equipping the Cruze by failing to utilize adequate fire-retardant and/or fire-resistant materials to prevent rapid fire penetration into the occupant safety compartment.

j. Negligently designing, manufacturing, and equipping the Cruze with inadequate shielding for potential ignition sources.

k. Negligently designing, manufacturing, and equipping the Cruze with inadequate front and side structural integrity, which allowed occupants to become trapped inside the vehicle in a foreseeable incident.

l. Failing to incorporate other vehicle designs and technologies that could prevent post-collision fires and/or penetration of fire into the occupant safety compartment in foreseeable incidents, including but not limited to safer alternative engine compartment designs, firewall designs, fire safety designs, shielding, and/or structural designs. Such designs were technologically and economically feasible and GM was aware of such designs and technologies, including superior designs and technologies used by other manufacturers and in other vehicles.

10

    m. Any other negligent acts and/or omissions that may be identified by Plaintiff's experts in the course of discovery.

The factual basis for GM's negligence is also further specified in the First Count.

36. At the time of the design and manufacture of the Cruze, GM was aware of the dangers of foreseeable impacts with other vehicles and/or objects.

37. At the time of the design and manufacture of the Cruze, GM knew, or in the exercise of reasonable care should have known, the dangers of post-collision fires, inadequate firewall protection, and poor structural integrity, and of design characteristics necessary to assure that a vehicle will provide reasonable crash and fire protection. GM nonetheless failed to exercise ordinary care to design the Cruze to prevent post-collision fires, fire penetration into the occupant safety compartment, and/or entrapment of occupants.

38. At the time of the design and manufacture of the Cruze, GM knew, or in the exercise of reasonable care, should have known, of alternative designs that were technologically and economically feasible and that would prevent post-collision fires, fire penetration into the occupant safety compartment, and entrapment of occupants, but GM chose not to incorporate these alternative designs.

39. GM's knowledge as described in this Complaint is believed to be reflected in internal GM communications including memoranda and e-mail, reports of other incidents involving GM vehicles, GM's compilations and analysis of accident data, the results of tests conducted by GM and others, consumer complaints, past testimony of GM employees, representatives and/or litigation experts, and in the results of other studies and analysis conducted by GM and others that may have included dynamic or static tests, computer simulations, and/or cost/benefits analysis.

40. GM breached the duties set forth herein, including but not limited to its duty to design and manufacture the Cruze to provide reasonable protection to its occupants.

41. GM's negligent acts and omissions were a direct and proximate cause of the injuries to Geoffrey Swihart and his resulting damages.

42. GM is liable to Plaintiff Geoffrey Swihart for injuries and damages caused by its negligent acts and/or omissions.

### COUNT III - PUNITIVE DAMAGES
### (Defendant GM)

43. Plaintiff hereby incorporates all other paragraphs of this petition as though fully set forth herein.

44. GM's conduct which resulted it the existence of the aforementioned safety-related defects in the 2011 Chevrolet Cruze was done recklessly and with disregard of the rights and safety of others.

45. Prior to both the manufacture of the subject Cruze and the date of the subject incident, it is believed that GM had knowledge of the various defects that made the Cruze not reasonably safe for its intended use, including but not limited to the propensity of the Cruze to burst into flames following foreseeable impacts with other vehicles and/or objects and the inability of the Cruze to prevent such fires from rapidly penetrating the occupant safety compartment.

46. Upon information and belief, at all relevant times GM concealed from consumers, the public, the government, and consumer safety agencies vital information concerning defects in the Chevrolet Cruze that would result in post-collision fires, rapid penetration of fire into the occupant safety compartment, and injury or death to Cruze occupants. Specifically, it is believed that GM knew information that would reasonably support the conclusion that the Cruze and other Cruze vehicles contained defects prior to the manufacture and sale of Mr. Swihart's Cruze, but

nevertheless took steps to conceal dangers involving the foreseeable and intended use of Cruze vehicles and exclude the Cruze from any recall efforts. GM's conscious concealment of known facts constitutes willful, wanton and malicious conduct.

47. GM has long had an internal policy that mandates that occupants involved in collisions that produce occupant impact forces below the threshold of fatality should be free from the hazard of a post-collision fire. Nonetheless, GM designed, manufactured, and sold the Cruze despite the fact it knew or should have known the Cruze presented dangerous fire hazards to consumers and users of its products in violation of this policy, and further failed to recall and/or properly recall the Cruze, all in deliberate and direct contradiction to this long-held internal policy.

48. Despite long-held knowledge regarding statistics about engine compartment fires, GM failed to engage in any testing that would determine the Cruze's susceptibility to engine compartment fires, the capability of the Cruze to prevent such fires from rapidly penetrating the occupant safety compartment, and/or the adequacy of the Cruze firewall or its fire resistance. The complete lack of such testing and testing protocols constitutes willful and reckless disregard for the safety of its consumers, including Plaintiff Geoffrey Swihart.

49. The aforementioned willful, wanton, malicious, and reckless conduct resulted in serious catastrophic injuries to Plaintiff Geoffrey Swihart.

50. GM's conduct was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages.

51. As a direct and proximate result of the above related willful, wanton and malicious conduct of GM, Plaintiff Geoffrey Swihart was catastrophically injured and is entitled to an award of punitive damages over and above the actual damages prayed for in this action.

## COUNT IV – NEGLIGENCE
### (Defendant Discount Tire)

52. Plaintiff hereby incorporates all other paragraphs of this petition as though fully set forth herein.

53. Plaintiff Geoffrey Swihart took the Cruze to Discount Tire, located at 5500 Main St., Del City, OK 73115, for tire maintenance just months prior to the subject incident.

54. Upon information and belief, Discount Tire repaired a flat tire and thereafter rotated the Cruze tires, which requires removing all four tires from the car, handling the tires, and reinstalling the tires on the vehicle.

55. Discount Tire, as the expert in tires and tire safety, knew or should have known that the Cruze tires it repaired and rotated were dangerously worn and that continuing to drive on tires in such condition could lead to increased risk of accident and accident related injuries.

56. Discount Tire voluntarily undertook work on the Cruze tires and knew or should have known of the condition of the Cruze tires at the time of such work.

57. Discount Tire had a duty to adequately repair or replace the worn tires and/or to issue a clear warning to Plaintiff Geoffrey Swihart regarding the dangers associated with continuing to drive on worn tires such as the Cruze tires.

58. Discount Tire breached their aforementioned duties when it failed to adequately repair or replace the worn tires.

59. Discount Tire breached their aforementioned duties when it failed to warn Plaintiff Geoffrey Swihart of the dangerous condition of the tires, and allowed Plaintiff Swihart to drive off of its lot without issuing a clear warning of the dangers associated with continuing to drive on tires in such condition.

14

60. Discount Tire's negligence was a proximate cause of the injuries to Plaintiff Geoffrey Swihart and of his resulting damages.

61. Discount Tire is liable to Plaintiff Geoffrey Swihart for injuries and damages caused by its negligent acts and/or omissions.

## DAMAGES

62. Plaintiff hereby incorporates all other paragraphs of this petition as though fully set forth herein.

63. As the result of the defective Chevrolet Cruze and Defendants' acts and/or omissions, Plaintiff Geoffrey Swihart sustained injuries and damages, both in the past and the future, which include but are not limited to the following:

   a. Permanent physical injuries and severe and permanent burns;

   b. Past and future physical pain and suffering;

   c. Past and future mental pain and suffering and mental anguish;

   d. Past and future diminished physical capacity and physical impairment;

   e. Past and future permanent disfigurement and scarring;

   f. Past and future loss of enjoyment of life, the impairment and loss of the quality and value of life, and inconvenience;

   g. Past and future lost earnings and income, impairment of earning capacity, and other economic damages;

   h. Past and future reasonable and necessary medical care, treatment, services, prosthetics, rehabilitation, nursing care, life care and attendant services, medication, therapy, and other expenses, including special medical damages and expenses;

i. All such other relief and compensatory damages as are permissible at common law and by statute and to which Plaintiff Geoffrey Swihart is entitled; and

j. Punitive damages.

### JURY DEMAND

Plaintiff requests that a jury be empaneled to try all fact issues in this case.

### PRAYER

**WHEREFORE**, Plaintiff Geoffrey Swihart respectfully prays for an award of actual and punitive damages against Defendant General Motors, LLC, and for actual damages against Discount Tire Company of Oklahoma, Inc., and further against all Defendants for prejudgment and post-judgment interest, costs, attorney fees, and all such other relief as the Court deems just and equitable.

Respectfully Submitted,

Chris Hammons, Esq.
Oklahoma Bar No. 20233
LAIRD HAMMONS LAIRD
1332 SW 89th Street
Oklahoma City, Oklahoma 73159
Telephone: 405-703-4567
chris@lhllaw.com
**COUNSEL FOR PLAINTIFF GEOFFREY SWIHART**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**