IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEOFFREY SWIHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-21-1141-R |
| ) | |
| GENERAL MOTORS, LLC, a ) | |
| Delaware limited liability company; ) | |
| and DISCOUNT TIRE CO. OF ) | |
| OKLAHOMA, INC., an Oklahoma ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff Geoffrey Swihart's Motion to Remand. Doc. No. 10. Defendant General Motors, LLC (GM) has filed its response [Doc. No. 11] and the matter is ripe for adjudication. For the reasons stated below, the Court REMANDS this case to the District Court of Oklahoma County and DENIES Plaintiff's request for reimbursement of fees and costs pursuant to 28 U.S.C. §1447(c).

According to Plaintiff's Complaint, on March 26, 2018, Mr. Swihart had his GM manufactured 2011 Chevrolet Cruz's tire repaired at Discount Tire Company of Oklahoma, Inc. (Discount Tire). Doc. No. 1-8, ¶¶ 10–11. During the repair, Plaintiff claims that Discount Tire's employees did not give him proper warning about his tires' dangerously worn condition. *Id*. ¶ 12. Several months later, on July 12, 2018, Plaintiff was driving his vehicle on a highway near Chandler, Oklahoma, when his tire may have failed. *Id*. ¶¶ 8, 13–14. The police report of the accident shows that Plaintiff seems to have lost control of

his vehicle, crossed the median of the highway, and crashed into another vehicle. Doc. No. 10-8 at 4. After the accident, Mr. Swihart was trapped in his car as it caught fire. Doc. No. 1-8 ¶ 15. He was severely burned and had one of his arms and several fingers amputated. *Id*. ¶ 16.

On January 9, 2020, Plaintiff filed suit in the District Court of Oklahoma County against GM on the theories of strict products liability and negligence. *Id*. ¶¶ 17–51. He also brought a negligence claim against Discount Tire. *Id*. ¶¶ 52–61. The parties signed an Amended Scheduling Order in November 2021 in which they agreed the discovery period would close in October 2022. Doc. No. 10-1. During discovery, Plaintiff focused most of his effort on his GM claims [Doc. No. 10 at 25], receiving 16,000 pages of documents, serving notices of depositions, providing a settlement demand, and inspecting Mr. Swihart's vehicle and the Chevrolet Cruze's air bag control module. Doc. No. 11 at 4. By contrast, Plaintiff has received only eight documents from Discount Tire, conducted a visual inspection of his vehicle's tires, consulted with a tire expert, and had preliminary settlement discussion with Discount Tire. Doc. No. 10 at 15–18.

Based on this perceived disparity of focus and effort, on December 3, 2021—almost two years after this case was filed—GM removed this case to federal court. Doc. No. 1. GM alleges Plaintiff has joined and retained Discount Tire as a defendant for the sole purpose of avoiding federal jurisdiction. *Id*. at 2–3. Mr. Swihart now seeks to remand this case to Oklahoma state court, arguing that he has properly joined Discount Tire, and that it is potentially liable for his injuries. Doc. No. 10 at 4–5.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If the removing defendant can show that the non-diverse party was fraudulently joined, the Court ignores the non-diverse defendant for purposes of determining diversity and may exercise subject matter jurisdiction over the case. *See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

To prove that a party has been fraudulently joined, a removing defendant has the burden of "demonstrate[ing] that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Strome v. CSAA Ins. Exch.*, No. 19-CV-0573-CVE-FHM, 2020 U.S. Dist. LEXIS 32786, at *6 (N.D. Okla. Feb. 26, 2020) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the removing party's argument. *Smoot v. Chicago, R. I. & P. R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967); *Dodd v. Fawcett Publications*, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry fraudulent joinder is indeed a heavy one." *Hart*, 199 F.3d at 246 (quotation marks and citation omitted). Although the Court can pierce the pleadings, "[t]his does not mean that the

3

federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882.

When, as here, a case has been pending in state court for "more than 1 year after commencement of the action," the Court must find that Plaintiff "has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C.S. § 1446(c)(1). To find bad faith, Defendant must demonstrate Mr. Swihart "kept a removal-spoiling party in the case only for the purpose of preventing removal." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1228–29 (D.N.M. 2014). This entails a two-step process. *Id*.

> First, the Court assesses whether the plaintiff actively litigated its case against the removal spoiler in state court. A finding that the plaintiff did not actively litigate against the removal spoiler constitutes bad faith, and the Court will retain jurisdiction over the case. If, on the other hand, the Court finds that the plaintiff actively litigated against the removal spoiler, that finding creates a rebuttable presumption that the plaintiff acted in good faith. Second, the defendant may rebut the good-faith presumption, with evidence already in the defendant's possession, that the plaintiff kept the removal spoiler in the case to defeat removal[.]

*Id*.

GM argues that Plaintiff has failed to prosecute its case against Discount Tire. Doc. 11 at 2. It claims Mr. Swihart has only served a single combined set of generic interrogatories and requests for production that could be used in any case involving a tire. *Id*. GM additionally contends that Plaintiff has not attempted to obtain confidential documents despite the state court entering a protective order to enable such discovery [*id*.], nor did he take the opportunity to inspect the tire when offered. *Id.* at 9.  Furthermore, GM claims Mr. Swihart has not seriously engaged in settlement discussions with Discount Tire

4

and has failed to send a settlement demand to that defendant. *Id.* at 4.  Compounding this lack of effort, in GM's view, is the length the case has been ongoing—over two years. *Id*. at 2–3.

GM contrasts this alleged lack of diligence with the clear focus by Mr. Swihart on itself. *Id*. at 4. To date, Plaintiff has received over 16,000 pages of documents from GM, served deposition notice regarding thirty-two topics of investigation, requested deposition of one of GM's senior engineers, sent a settlement demand, and inspected the vehicle and its air bag control module. *Id*. In short, GM reasons that if Plaintiff truly wanted to prosecute its case against Discount Tire, the discovery he has conducted to date would be more thorough. Thus, it contends this lack of diligence is evidence that Mr. Swihart has in bad faith joined Discount Tire as a federal diversity jurisdiction spoiler.

GM also argues that regardless of how Mr. Swihart has prosecuted his case against Discount Tire, his negligence claim against it cannot possibility succeed on the merits. *Id*. To wit, GM contends that pursuant to Oklahoma law, where the danger or potential danger is known or should be known by the user, there is no duty for a service provider to issue a warning. *Grover v. Superior Welding, Inc.*, 893 P.2d 500, 504 (Okla. 1995). Supporting this reasoning, GM points to the bald nature of Plaintiff's tires, the fact Discount Tire did not service the specific tire that likely failed during the accident [Doc. No. 1 at 3], and the signs in Discount Tire advising Plaintiff he should replace bald tires. Doc. No. 11 at 8. Additionally, GM posits that tire replacement is routine maintenance every driver knows or should know must be done from time to time—removing any need for Discount Tire to provide Mr. Swihart with a warning regarding the dangerous condition of his tires. *Id*. at

7. GM concludes that there is no possibility that Mr. Swihart would succeed in his case against Discount Tire, and that he is only asserting this negligence claim in bad faith to spoil federal diversity jurisdiction.

Mr. Swihart argues that he is the master of his case and may expend his resources and focus as he thinks is most beneficial for his claims. Doc. 10 at 21. He points out that his case against GM is more complex and requires more effort. *Id*. at 20. Accordingly, the alleged disparity in diligence does not demonstrate that his claim against Discount Tire is in bad faith, but simply that his claim against GM is inherently more complicated than his claim against Discount Tire. *Id*. Mr. Swihart further argues that he has ten more months to prosecute his case against Discount Tire, and his decision to focus first on GM is logical given the complexity of a product liability case. *Id*. at 3–4.

Plaintiff also points to what he has done in prosecuting his case against Discount Tire so far, including the receiving of documents, the inspection and photographing of the tire that may have caused the accident, the hiring of an expert witness on tires, his creation of a video that asserts Discount Tire's alleged liability, and the initial settlement discussions between Mr. Swihart and Discount Tire. *Id*. at 10, 14, 18–20. Based on these efforts, Plaintiff believes he has demonstrated that he has actively litigated his case against Discount Tire. Consequently, he contends he is entitled to a presumption of good faith, and that GM has failed in its burden to rebut that presumption. *See Aguayo*, 59 F. Supp. 3d at 1228–29.

Mr. Swihart additionally counters GM's argument that his negligence claim against Discount Tire is invalid under Oklahoma law because he knew or should have known

6

driving on bald tires is a serious hazard. To establish his negligence claim, Mr. Swihart argues that it is indisputable that Discount Tire was the last party to service his tires, and—three and a half months after this service—Mr. Swihart was in an accident which he believes was caused by his tires. Doc. No. 10 at 15. Plaintiff reasons that a jury could find that Discount Tire negligently breached its duty to warn him about the dangerous condition of his tires, that they could find this breach was a cause both proximately and in fact of his severe injuries, and, as a result, that he is entitled to money damages. *Id*. Plaintiff argues that he has thus successfully demonstrated a possibility of success on the merits of his negligence claim against Discount Tire. Mr. Swihart concludes that this possibility of success on the merits is all that is required for the Court to grant his motion and remand this case to state court. *See Strome*, 2020 U.S. Dist. LEXIS 32786 at *6.

It is indisputable that Plaintiff has attempted some prosecution of his case against Discount Tire. He has received documents, engaged in settlement discussions, visually inspected the tires of his vehicle, retained a tire expert, and incorporated Discount Tire into a video made for settlement purposes. The Court therefore finds he is entitled to a presumption of good faith. *See Aguayo*, 59 F. Supp. 3d at 1228–29. Consequently, GM has the burden of rebutting this presumption and demonstrating that Plaintiff has kept Discount Tire in the case only as a removal spoiler. *Id*.

Certainly, GM's argument that Plaintiff cannot prevail on his negligence claim against Discount Tire is one that might prevail on a motion for summary judgment or motion to dismiss. However, such motions are for the state court to decide. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished) ("[motions for summary

judgment and motions to dismiss] should be left to the state court where the action was commenced"). In the Tenth Circuit, "[the] standard [for proving fraudulent joinder] is more exacting than that for dismissing a claim . . . ." *Montano*, 211 F.3d 1278 at *2 (10th Cir. 2000). GM must show "that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Strome*, 2020 U.S. Dist. LEXIS 32786, at *6. In short, the Court is looking for a "smoking gun or close to it" that Plaintiff is acting in bad faith to keep the removal spoiler in the case. *Aguayo*, 59 F. Supp. 3d at 1227.

GM has not provided the Court with the requisite evidence of bad faith. Certainly, Plaintiff has focused his efforts on the more complex portion of his case—the product liability claim against GM—but that falls into the realm of case strategy, which Mr. Swihart correctly points out is at his discretion. The claim against Discount Tire itself may end up failing, but it is a claim that the Court cannot ignore with complete certainty. *Smoot*, 378 F.2d at 882. The Court's lack of complete certainty is all that is required in the Tenth Circuit to grant a motion to remand when a case is removed based on a fraudulent joinder claim. *See Strome*, 2020 U.S. Dist. LEXIS 32786 at *6. Consequently, the Court REMANDS this case to the District Court of Oklahoma County.

Plaintiff requests this Court award him costs for filing this motion pursuant to 28 U.S.C. §1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 136 (2005). The Court does not find the requisite unusual circumstances here. GM reasonably

8

believed it could succeed its removal action based on a claim of fraudulent joinder. Therefore, the Court DENIES Plaintiff's request for costs.

IT IS SO ORDERED this 25th day of January 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE